**State Court of Fulton County**
***EFILED***
LexisNexis Transaction ID: 45712605
Date: Aug  3 2012  2:42PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| GORDON JACKSON, <br><br>      Plaintiff, <br><br> vs. <br><br> CITY OF COLLEGE PARK GEORGIA, <br> RONALD N. FEARS, THOMAS S. KUZNIACKI, DAVID BLOCK, REID POLLARD, JOHN DOE #1, JOHN DOE #2 AND JOHN DOE #3, <br><br>      Defendants. | CIVIL ACTION FILE NO.: <br><br> 2012-EV-015290-D |

### ANSWER AND DEFENSES OF DEFENDANTS
### CITY OF COLLEGE PARK GEORGIA, RONALD N. FEARS, THOMAS S. KUZNIACKI, DAVID BLOCK AND REID POLLARD AND COUNTERCLAIM OF CITY OF COLLEGE PARK, GEORGIA AGAINST PLAINTIFF GORDON JACKSON

COMES NOW, CITY OF COLLEGE PARK GEORGIA, RONALD N. FEARS, THOMAS S. KUZNIACKI, DAVID BLOCK, and REID POLLARD, named defendants in the above-styled action, and hereby file and serve their Answer and Defenses to plaintiff's Complaint and the CITY OF COLLEGE PARK, GEORGIA'S Counterclaim against plaintiff GORDON JACKSON, respectfully showing the Court as follows:

{Firm/126/106/00623431.DOCX}

## FIRST DEFENSE

Plaintiff has failed to state a claim against these defendants upon which relief may be granted.

## SECOND DEFENSE

As a second defense, these defendants herein respond to the individually numbered paragraphs of plaintiff's Complaint as follows:

### VENUE AND JURISDICTION

1.

These defendants admit that Defendant City of College Park is a municipality in the State of Georgia and is a municipal corporation existing and operating under a Charter issued to it by the State of Georgia.  In further response, these defendants deny the remaining allegations contained in paragraph 1 of plaintiff's Complaint.

2.

These defendants can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

3.

These defendants deny the allegations contained in paragraph 3 of plaintiff's Complaint in the form and manner alleged.

4.

These defendants deny the allegations contained in paragraph 4 of plaintiff's Complaint in the form and manner alleged.

5.

These defendants admit that, at all times relevant to this action, Chief Fears was employed by the City of College Park as the Chief of Police for the College Park Police Department ("CPPD").  In further response, these defendants deny all remaining allegations contained in paragraph 5 of plaintiff's Complaint, including any allegation that Chief Fears is subject to suit or is otherwise liable to plaintiff in either his personal or official capacity.

6.

These defendants deny the allegations contained in paragraph 6 of plaintiff's Complaint in the form and manner alleged.

7.

These defendants deny the allegations contained in paragraph 7 of plaintiff's Complaint in the form and manner alleged.

8.

These defendants deny the allegations contained in paragraph 8 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

9.

These defendants admit that Chief Fears is a resident of Fulton County.  In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 9 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

10.

These defendants deny the allegations contained in paragraph 10 of plaintiff's Complaint.

11.

These defendants admit that Defendant Thomas S. Kuzniaki is a resident of Fulton County and that, at all times relevant to this action, Defendant Kuzniaki was employed by the City of College Park as the Deputy Chief of Police for the CPPD. In further response, these defendants deny all remaining allegations contained in paragraph 11 of plaintiff's Complaint, including any allegation that Deputy Chief Kuzniaki is subject to suit or is otherwise liable to plaintiff in either his personal or official capacity.

4

12.

These defendants can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

13.

These defendants deny the allegations contained in paragraph 13 of plaintiff's Complaint.

14.

These defendants admit that, at all times relevant to this action, Defendant Block was employed by the City of College Park with the rank of captain within the CCPD.  In further response, these defendants deny all remaining allegations contained in paragraph 14 of plaintiff's Complaint, including any allegation that Captain Block is subject to suit or is otherwise liable to plaintiff in either his personal or official capacity.

15.

These defendants can neither admit nor deny the allegations contained in paragraph 15 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

{Firm/126/106/00623431.DOCX}

16.

These defendants deny the allegations contained in paragraph 16 of plaintiff's Complaint.

17.

These defendants admit that, at all times relevant to this action, Defendant Pollard was employed by the City of College Park with the rank of lieutenant within the CCPD.   In further response, these defendants deny all remaining allegations contained in paragraph 17 of plaintiff's Complaint, including any allegation that Lieutenant Pollard is subject to suit or is otherwise liable to plaintiff in either his personal or official capacity.

18.

These defendants can neither admit nor deny the allegations contained in paragraph 18 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

19.

These defendants deny the allegations contained in paragraph 19 of plaintiff's Complaint.

20.

The allegations contained in paragraph 20 of plaintiff's Complaint do not require a response from these defendants.  To the extent a response is required,

6

these defendants deny the allegations contained in paragraph 20 of plaintiff's Complaint.

21.

The allegations contained in paragraph 21 of plaintiff's Complaint do not require a response from these defendants.  To the extent a response is required, these defendants deny the allegations contained in paragraph 21 of plaintiff's Complaint.

22.

The allegations contained in paragraph 22 of plaintiff's Complaint do not require a response from these defendants.  To the extent a response is required, these defendants deny the allegations contained in paragraph 22 of plaintiff's Complaint.

23.

These defendants can neither admit nor deny the allegations contained in paragraph 23 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

24.

These defendants deny the allegations contained in paragraph 24 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

## FACTUAL ALLEGATIONS

25.

These defendants can neither admit nor deny the allegations contained in paragraph 25 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

26.

These defendants deny the allegations contained in paragraph 26 of plaintiff's Complaint.

27.

These defendants deny the allegations contained in paragraph 27 of plaintiff's Complaint.

28.

These defendants generally admit that on July 2, 2011, Officer Boston, in uniform and on patrol in a CCPD patrol vehicle, stopped at a convenience store where plaintiff was located.   In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 28 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

8

29.

These defendants admit that plaintiff kicked the side of the CCPD patrol vehicle driven by Officer Boston, causing damage. In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 29 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

30.

These defendants admit that Officers Boston and Hough witnessed plaintiff kick the side of Officer Boston's patrol car. In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 30 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

31.

This Defendant can neither admit nor deny the allegations contained in paragraph 31 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff upon strict proof of same.

32.

These defendants deny the allegations contained in paragraph 32 of plaintiff's Complaint in the form and manner alleged.

33.

These defendants can neither admit nor deny the allegations contained in paragraph 33of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

34.

These defendants deny the allegations contained in paragraph 34 of plaintiff's Complaint in the form and manner alleged.

35.

These defendants can neither admit nor deny the allegations contained in paragraph 35 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

36.

These defendants can neither admit nor deny the allegations contained in paragraph 36 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

37.

These defendants can neither admit nor deny the allegations contained in paragraph 37 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

38.

These defendants deny the allegations contained in paragraph 38 of plaintiff's Complaint.

39.

These defendants deny the allegations contained in paragraph 39 of plaintiff's Complaint in the form and manner alleged.

40.

These defendants deny the allegations contained in paragraph 40 of plaintiff's Complaint in the form and manner alleged.

41.

These defendants admit that Captain Block testified before the grand jury. In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 41 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

42.

These defendants admit that Captain Block testified before the grand jury. In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 42 of plaintiff's Complaint for want of

{Firm/126/106/00623431.DOCX}

sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

43.

These defendants deny the allegations contained in paragraph 43 of plaintiff's Complaint in the form and manner alleged.

44.

These defendants deny the allegations contained in paragraph 44 of plaintiff's Complaint.

45.

These defendants deny in the form and manner alleged the allegation as set forth in paragraph 45 of plaintiff's Complaint that Deputy Chief Kuzniaki was acting on the orders of Chief Fears regarding what to say to news personnel.  In further response, these defendants can neither admit nor deny the remaining allegations contained in paragraph 45 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

46.

These defendants deny the allegations contained in paragraph 46 of plaintiff's Complaint in the form and manner alleged.

{Firm/126/106/00623431.DOCX}

47.

These defendants deny the allegations contained in paragraph 47 of plaintiff's Complaint.

48.

These defendants can neither admit nor deny the allegations contained in paragraph 48 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

49.

These defendants admit the allegation as set forth in paragraph 49 of plaintiff's Complaint that the CCPD conducted an in-house training seminar in November 2011 for its officers. In further response, these defendants deny the remaining allegations contained in paragraph 49 of plaintiff's Complaint in the form and manner alleged.

50.

These defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.

These defendants deny the allegations as set forth in paragraph 50 of plaintiff's Complaint that Lieutenant Pollard made any fallacious or malicious assertions in another seminar to a different group of police personnel. In further

13

response, these defendants can neither admit nor deny the remaining allegations contained paragraph 51 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

52.

These defendants deny the allegations contained in paragraph 52 of plaintiff's Complaint.

53.

These defendants can neither admit nor deny the allegations contained in paragraph 53 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

54.

These defendants deny the allegations contained in paragraph 54 of plaintiff's Complaint in the form and manner alleged.

55.

These defendants deny the allegations contained in paragraph 55 of plaintiff's Complaint.

56.

These defendants deny the allegations contained in paragraph 56 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

57.

These defendants can neither admit nor deny the allegations contained in paragraph 57 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

## COUNT I
## FOURTH AMENDMENT
## VIOLATION OF 42 U.S.C. 1983

58.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 57 of plaintiff's Complaint.

59.

These defendants can neither admit nor deny the allegations contained in paragraph 59 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

60.

These defendants deny the allegations contained in paragraph 60 of plaintiff's Complaint.

61.

These defendants deny the allegations contained in paragraph 61 of plaintiff's Complaint.

15

62.

These defendants deny the allegations contained in paragraph 62 of plaintiff's Complaint.

63.

These defendants deny the allegations contained in paragraph 63 of plaintiff's Complaint.

64.

These defendants deny the allegations contained in paragraph 64 of plaintiff's Complaint.

## COUNT II
## FOURTH AMENDMENT—42 U.S.C. § 1983
### (Malicious Prosecution)

65.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 64 of plaintiff's Complaint.

66.

These defendants can neither admit nor deny the allegations contained in paragraph 66 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

{Firm/126/106/00623431.DOCX}

67.

These defendants admit the allegations contained in paragraph 67 of plaintiff's Complaint.

68.

These defendants deny the allegations contained in paragraph 68 of plaintiff's Complaint.

69.

These defendants can neither admit nor deny the allegations contained in paragraph 69 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

70.

These defendants deny the allegations contained in paragraph 70 of plaintiff's Complaint.

71.

These defendants deny the allegations contained in paragraph 71 of plaintiff's Complaint.

72.

These defendants deny the allegations contained in paragraph 72 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

73.

These defendants deny the allegations contained in paragraph 73 of plaintiff's Complaint.

74.

These defendants deny the allegations contained in paragraph 74 of plaintiff's Complaint.

75.

These defendants deny the allegations contained in paragraph 75 of plaintiff's Complaint.

76.

These defendants deny the allegations contained in paragraph 76 of plaintiff's Complaint.

### COUNT III
### FOURTH AMENDMENT—42 U.S.C. § 1983
### (Monell Liability)

77.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 76 of plaintiff's Complaint.

78.

These defendants deny the allegations contained in paragraph 78 of plaintiff's Complaint in the form and manner alleged.

{Firm/126/106/00623431.DOCX}

79.

These defendants deny the allegations contained in paragraph 79, and all subparts, of plaintiffs' Complaint.

80.

These defendants deny the allegations contained in paragraph 80 of plaintiff's Complaint.

81.

These defendants deny the allegations contained in paragraph 81 of plaintiff's Complaint.

82.

These defendants deny the allegations contained in paragraph 82 of plaintiff's Complaint.

83.

These defendants deny the allegations contained in paragraph 83 of plaintiff's Complaint.

84.

These defendants deny the allegations contained in paragraph 84 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

85.

These defendants deny the allegations contained in paragraph 85 of plaintiff's Complaint.

86.

These defendants deny the allegations contained in paragraph 86 of plaintiff's Complaint.

## COUNT IV
## FALSE ARREST—O.C.G.A. § 57-7-1

87.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 86 of plaintiff's Complaint.

88.

These defendants deny the allegations contained in paragraph 88 of plaintiff's Complaint.

89.

These defendants deny the allegations contained in paragraph 89 of plaintiff's Complaint.

90.

These defendants deny the allegations contained in paragraph 90 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

91.

These defendants deny the allegations contained in paragraph 91 of plaintiff's Complaint.

92.

These defendants deny the allegations contained in paragraph 92 of plaintiff's Complaint

93.

These defendants deny the allegations contained in paragraph 93 of plaintiff's Complaint.

## COUNT V
## MALICIOUS PROSECUTION—O.C.G.A. § 51-7-3

94.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 93 of plaintiff's Complaint.

95.

These defendants deny the allegations contained in paragraph 95 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

96.

These defendants deny the allegations contained in paragraph 96 of plaintiff's Complaint.

97.

These defendants deny the allegations contained in paragraph 97 of plaintiff's Complaint.

98.

These defendants can neither admit nor deny the allegations contained in paragraph 98 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

99.

These defendants deny the allegations contained in paragraph 99 of plaintiff's Complaint.

100.

These defendants deny the allegations contained in paragraph 100 of plaintiff's Complaint.

101.

These defendants deny the allegations contained in paragraph 101 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

## COUNT VI
## DEFAMATION OF CHARACTER
## LIBEL

### 102.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 101 of plaintiff's Complaint.

### 103.

These defendants deny the allegations contained in paragraph 103 of plaintiff's Complaint.

### 104.

These defendants deny the allegations contained in paragraph 104 of plaintiff's Complaint in the form and manner alleged.

### 105.

These defendants deny the allegations contained in paragraph 105 of plaintiff's Complaint in the form and manner alleged.

### 106.

These defendants can neither admit nor deny the allegations contained in paragraph 106 of plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and put plaintiff upon strict proof of same.

{Firm/126/106/00623431.DOCX}

107.

These defendants deny the allegations contained in paragraph 107 of plaintiff's Complaint.

108.

These defendants deny the allegations contained in paragraph 108 of plaintiff's Complaint.

109.

These defendants deny the allegations contained in paragraph 109 of plaintiff's Complaint.

110.

These defendants deny the allegations contained in paragraph 110 of plaintiff's Complaint.

**COUNT VII**
**DEFEMATION OF CHARACTER**
**LIBEL AND SLANDER**

111.

These defendants incorporate as if fully set forth herein their responses to paragraphs 1 through 110 of plaintiff's Complaint.

112.

These defendants deny the allegations contained in paragraph 112 of plaintiff's Complaint.

{Firm/126/106/00623431.DOCX}

113.

These defendants deny the allegations contained in paragraph 113 of plaintiff's Complaint.

114.

These defendants deny the allegations contained in paragraph 114 of plaintiff's Complaint.

115.

These defendants deny the allegations contained in paragraph 115 of plaintiff's Complaint.

116.

These defendants deny the allegations contained in paragraph 116 of plaintiff's Complaint.

117.

These defendants deny all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section of plaintiff's Complaint.  Further, these defendants deny that plaintiff is entitled to any of the relief requested in the "WHEREFORE" section of plaintiff's Complaint.

118.

All other allegations contained in plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

{Firm/126/106/00623431.DOCX}

## THIRD DEFENSE

These defendants assert that plaintiff's rights were not violated as a result of the occurrence giving rise to plaintiffs' Complaint.  Further, these defendants have implemented no policy, custom or practice, whether express or informal, which was unconstitutional or the driving force behind any allegedly unconstitutional act.

## FOURTH DEFENSE

No act nor omission by these defendants either proximately caused or contributed to whatever injury or damage plaintiff claims to have  sustained.

## FIFTH DEFENSE

Plaintiff has failed to state a claim upon which he may be awarded damages under 42 U.S.C. § 1983.

## SIXTH DEFENSE

Plaintiff has not suffered the loss of rights, privileges or immunities secured by the law of the United States, the United States Constitution or the laws of Georgia as a result of the actions of these defendants.

## SEVENTH DEFENSE

These defendants assert each affirmative defense, to the extent applicable, as set forth in Fed.R.Civ.P. 8 or O.C.G.A. § 9-11-8, including, but not limited to, assumption of risk, laches, statute of limitations and lack of jurisdiction.

## EIGHTH DEFENSE

These defendants maintain that, under all the facts and circumstances, their conduct was objective and reasonable. These defendants show that plaintiff was not deprived of any constitutionally protected life, liberty, or property interests without due process of law, nor were plaintiff's rights under Georgia law, the United States Constitution or federal law violated by these defendants.

## NINTH DEFENSE

Plaintiff's claims against these defendants are barred, in whole or in part, by the doctrines of official immunity, sovereign immunity, discretionary immunity, and qualified immunity under federal law and the laws of the State of Georgia.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, these defendants assert that the matters in question and plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than these defendants.

## ELEVENTH DEFENSE

As state officials, the individual defendants are not a "persons" under 42 U.S.C. §1983 and, therefore, they must be dismissed from this matter.

## TWELFTH DEFENSE

This defendant asserts all applicable defenses allowed under the Georgia Tort Claims Act.

{Firm/126/106/00623431.DOCX}

## THIRTEENTH DEFENSE

The claims and allegations set forth in plaintiff's Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. §1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

## FOURTEENTH DEFENSE

These defendants assert the affirmative defense of qualified and/or official immunity because, under all of the facts and circumstances as alleged in plaintiff's complaint, the conduct of these defendants was objective and reasonable.

## FIFTEENTH DEFENSE

To the extent plaintiff's Complaint is directed at defendants in their individual capacities, these defendants show that their actions with respect to plaintiff were performed in good faith and under a reasonable belief that their actions or omissions were lawful and constitutional.  Moreover, the alleged actions of defendants did not violate plaintiff's clearly established federal rights.  Accordingly, these defendants assert that they are immune from the purported claims set forth in the plaintiff's Complaint.

## SIXTEENTH DEFENSE

As to any claims raised by plaintiff under the Fourth Amendment, these defendants maintain that, under all the facts and circumstances, their conduct was objective and reasonable.  Further, these defendants show that plaintiff was not

{Firm/126/106/00623431.DOCX}

deprived of any constitutionally protected life, liberty, or property without due process of law, nor were plaintiff's rights under any amendments to, or provisions of, the United States Constitution or laws violated by these defendants.

## SEVENTEENTH DEFENSE

Defendants assert that they did not falsely imprison or falsely arrest plaintiff. Additionally, these defendants assert that at no time did they act with malice or willfulness toward plaintiff.   At all times, these defendants acted with the good faith belief with regard to the facts.   As these defendants' conduct was not malicious, reckless or pursued with ill will, plaintiff cannot establish a claim for false arrest, malicious prosecution, defamation, libel, slander or any other tort.

## EIGHTEENTH DEFENSE

The individual defendants, as state officials, assert Eleventh Amendment immunity as an absolute defense to this matter.

## NINETEENTH DEFENSE

Plaintiff cannot establish a constitutional violation here, let alone that any individual defendant implemented, adopted or enforced a policy, custom or practice which was a driving force behind any alleged deprivation of plaintiff's rights.    Additionally, plaintiff cannot establish deliberate indifference or supervisory liability against any defendant.

29

## TWENTIETH DEFENSE

To the extent any of the individually named defendants have been sued in their official capacities, they are considered the state and are entitled to immunity under general state law as well as under the Georgia Tort Claims Act.

## TWENTY-FIRST DEFENSE

These defendants assert that plaintiff has not provided sufficient ante-litem notice as required by Georgia law.   Accordingly, plaintiff's claims must be dismissed.

## TWENTY-SECOND DEFENSE

Plaintiff cannot recover punitive damages against these defendants.

## TWENTY-THIRD DEFENSE

Plaintiff's damages, to the extent recoverable, are limited by statute and law.

## TWENTY-FOURTH DEFENSE

Any application of the provisions of O.C.G.A. §51-12-5.1 to this case, in regard to any claim for "punitive damages" against these defendants would be unconstitutional for the following reasons:

(1)    These defendants did nothing for which they should be punished, penalized or deterred and, therefore, any recovery of "punitive damages" against these defendants would deprive these defendants of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution

and in violation of Article I, § I, paragraph 1 of the Constitution of the State of Georgia;

(2)    Any recovery of "punitive damages" against these defendants would violate the provisions of Article I, § I, paragraph II of the Constitution of the State of Georgia;

(3)    Any recovery of "punitive damages" against this defendant would deprive this defendant of its rights to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia;

(4)    Any recovery of "punitive damages" would violate the guaranty against "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, § I, paragraph 17 of the Constitution of the State of Georgia.

<u>**TWENTY-FIFTH DEFENSE**</u>

Plaintiff's claim for punitive damages against these defendants cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of a punitive damages award; (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding

31

punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of this defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate this defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Georgia constitutional provisions providing for due process, equal protection, and the guaranty against double jeopardy.

## TWENTY-SIXTH DEFENSE

As defendants' conduct was not malicious, reckless, pursued with ill will, or taken in bad faith, plaintiff cannot establish a claim for attorneys' fees or any other tort under the laws of the State of Georgia.

## TWENTY-SEVENTH DEFENSE

These defendants specifically reserve the right to raise any additional claims or affirmative defenses which may be discovered in this matter upon appropriate notice to the parties.

{Firm/126/106/00623431.DOCX}

WHEREFORE, having answered fully, these defendants respectfully request that this Court dismiss the Complaint and cast all costs against plaintiff.

## COUNTERCLAIM OF CITY OF COLLEGE PARK, GEORGIA

COMES NOW, CITY OF COLLEGE PARK, GEORGIA, a named defendant in the above-styled civil action, and hereby asserts this Counterclaim against plaintiff Gordon Jackson, respectfully showing the Court as follows:

## PARTIES AND JURISDICTION

1.

The plaintiff, Gordon Jackson, has consented to the venue and jurisdiction of this Court by filing the instant lawsuit against defendants.

2.

Accordingly, this Court has jurisdiction over this Counterclaim and venue is proper.

## FACTS

3.

On or about July 2, 2011, plaintiff Gordon Jackson purposefully kicked a marked 2008 Ford Crown Victoria patrol vehicle, VIN# 2FAFP71V38X125506, owned by the City of College Park and operated by Officer Steven Boston of the City of College Park Police Department.

{Firm/126/106/00623431.DOCX}

4.

By purposefully kicking the subject patrol vehicle, Gordon Jackson caused extensive physical damage to the right rear door panel in excess of $500.

5.

Gordon Jackson subsequently was arrested for interfering with government property in violation of O.C.G.A. § 16-7-24.

**COUNT I:  DAMAGE TO CITY OF COLLEGE PARK PROPERTY**

6.

The City of College Park re-alleges and incorporates paragraphs one (1) through five (5) above as if fully set forth herein.

7.

As a direct and proximate result of Gordon Jackson's act of wrongfully kicking a patrol vehicle owned by the City of College Park, the City of College Park has suffered damage to its property in excess of $500.

8.

The City of College Park now is entitled to recover the full amount of costs necessary to repair the subject patrol vehicle damaged by plaintiff Gordon Jackson.

## COUNT II:  EXPENSES OF LITIGATION AND ATTORNEYS' FEES

9.

The City of College Park re-alleges and incorporates paragraphs one (1) through eight (8) above as if fully set forth herein.

10.

The City of College Park is entitled to recover its reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11 because Jackson has acted in bad faith, has been stubbornly litigious, and has caused the City of College Park unnecessary trouble and expense.

## COUNT III:  PUNITIVE DAMAGES

11.

The City of College Park re-alleges and incorporates paragraphs one (1) through ten (10) above as if fully set forth herein.

12.

The City of College Park is entitled to recover punitive damages in an amount to be determined by a fair and impartial jury in order to adequately punish and deter Gordon Jackson from similar conduct in the future.

{Firm/126/106/00623431.DOCX}

## PRAYER FOR RELIEF

The City of College Park now is entitled to recover for the damages sustained as a result of Jackson's wrongful conduct, as well as all other elements of damages allowed under Georgia law, including, but not limited to, compensatory, general, special, collisional, consequential, punitive and for such other and further relief as the Court shall deem just and proper.  In addition, the City of College Park is entitled to recover the costs of this litigation, including reasonable attorneys' fees, expenses and costs.

### THESE DEFENDANTS DEMAND A TRIAL BY JURY.

Respectfully submitted, this 3rd day of August, 2012.

CRUSER & MITCHELL, LLP

*/s/ William T. Mitchell*

|  |  |
|---|---|
| Meridian II, Suite 2000 | William T. Mitchell |
| 275 Scientific Drive | Georgia Bar No. 513810 |
| Norcross, GA 30092 | Sean Keenan |
| TEL: 404-881-2622 | Georgia Bar No. 523871 |
| FAX: 404-881-2630 | *Attorneys for Defendants* |

{Firm/126/106/00623431.DOCX}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day filed the with the Clerk of Court

**ANSWER AND DEFENSES OF CITY OF COLLEGE PARK GEORGIA, RONALD N. FEARS, THOMAS S. KUZNIACKI, DAVID BLOCK AND REID POLLARD AND COUNTERCLAIM OF CITY OF COLLEGE PARK, GEORGIA AGAINST PLAINTIFF GORDON JACKSON** and served a copy of the within and foregoing pleadings to all parties to this matter via Federal Express, with proper postage prepaid, addressed as follows:

Jennifer M. Daniels, Esq.
JENNIFER M. DANIELS, P.C.
160 Clairemont Avenue, Suite 425
Decatur, Georgia 30030
*(Attorney for Plaintiff)*

This 3rd day of August, 2012.

CRUSER & MITCHELL, LLP

*/s/ William T. Mitchell*
William T. Mitchell
Georgia Bar No.  513810
Sean Keenan
Georgia Bar No. 523871
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, Georgia 30092
404/881-2622 (Telephone)
404/881-2630 (Facsimile)

{Firm/126/106/00623431.DOCX}